# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-1252
Filed July 8, 2026

————————————

**Kyle Mark Hane,**
Petitioner–Appellant,

v.

**State of Iowa, Linn County, Brent Oleson, County Treasurer,
and Jerry Vander Sanden, County Attorney,**
Respondents–Appellees.

————————————

Appeal from the Iowa District Court for Linn County,
The Honorable Christopher L. Bruns, Judge.

————————————

**AFFIRMED**

————————————

Kyle Mark Hane, Hiawatha, self-represented appellant.

Elena Wolford, Assistant Linn County Attorney, attorney for appellees Linn County; Brent Oleson, County Treasurer; Jerry Vander Sanden, former County Attorney.

Brenna Bird, Attorney General; Patrick Valencia, Deputy Solicitor General; and Chad D. Brakhahn, Assistant Attorney General, attorneys for appellee State.

————————————

Considered without oral argument
by Tabor, C.J., Langholz, J., and Mullins, S.J.
Opinion by Tabor, C.J.

1

**TABOR, Chief Judge.**

Linn County resident Kyle Hane appeals the district court's order dismissing his pro se petition challenging Iowa's property tax laws as unconstitutional.[1] Representing himself, Hane raises three issues. First, he contends the court erred in dismissing the case with prejudice. Second, he argues the court abused its discretion by not granting him leave to amend. And third, he asserts that because he pursues "inalienable property rights" and seeks constitutional scrutiny, the court violated "foundational equitable principles" by dismissing without a hearing or discovery.

Because the district court properly dismissed Hane's petition with prejudice under Iowa Rule of Civil Procedure 1.946, we affirm.[2]

To begin, we highlight the procedural history. In March 2025, Hane petitioned for injunctive relief barring the county and State "from enforcing property tax collection and foreclosure proceedings" against his property. He also asked the court to review property tax provisions in the Iowa Code—chapters 426, 427, 443, 444, 445, 447, and 448 (2025). In April, both the State and county moved to dismiss. They alleged, among other things, that Hane failed to state any claim upon which relief could be granted. *See* Iowa R. Civ. P. 1.421(1)(f).

---

[1] As respondents, his petition named the "Republic State of Iowa" and Linn County, as well as Linn County Treasurer Brent Oleson and Linn County Attorney "Jerry Sanden." (The county noted in its motion to dismiss that Jerry Vander Sanden has not been the Linn County Attorney since 2021. The petition was filed in 2025.) We will refer to the last three respondents collectively as the county.

[2] We review dismissal orders for the correction of legal error. *Worthington v. Kenkel*, 684 N.W.2d 228, 230 (Iowa 2004).

On June 17, the district court dismissed Hane's petition with prejudice. The court found that he lacked standing to sue. In the alternative, the court ruled that even if Hane had standing, his challenge to the seven code chapters did not allege enough facts to give "fair notice" of his accusations against the State and county.

Undeterred, Hane filed an amended petition on June 23 without leave of the court or agreement of the parties. On July 3, he moved to modify the court's order under Iowa Rule of Civil Procedure 1.904(2), urging that the dismissal should be without prejudice. The court denied that motion, explaining that its dismissal was "an adjudication on the merits" under rule 1.946.[3] Hane then appealed.

On his first claim, we find the district court properly dismissed his petition with prejudice. True, the district court questioned its jurisdiction to consider Hane's complaints. But, as the county responds, "[t]he court also determined the petition failed on the merits of pleading sufficiency, a merit-based ground." So dismissing with prejudice complied with rule 1.946. *State ex rel. Iowa Dep't of Hum. Servs. v. Mundie*, 436 N.W.2d 60, 61 (Iowa 1989) (citing with approval the holding in *Juneau Square Corp. v. First Wisconsin Bank,* 364 N.W.2d 164, 171 (Wis. Ct. App. 1985), that dismissal for failure to state a claim is a judgment on the merits); *see also* 46 Am. Jur. 2d Judgments § 542 (2026) ("State courts have . . . held that an order sustaining a motion to dismiss on the ground that no cause of action is stated is an adjudication upon the merits as well as a dismissal with prejudice, unless the trial court otherwise specifies.").

---

[3] "All dismissals not governed by rule 1.943 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise." Iowa R. Civ. P. 1.946.

As to Hane's second issue, we find no abuse of discretion in the court's failure to consider his amended petition. "A contingent request for leave to amend with a resistance to a motion to dismiss is permissible and allows courts to provide leave to amend as an alternative form of relief." *Meade v. Christie*, 974 N.W.2d 770, 780 (Iowa 2022). But Hane did not ask to amend his petition in resisting the motions to dismiss. We decline his invitation to remand with instructions to grant leave to amend.

For his third claim, Hane maintains, "[E]quity should intervene to give effect to his clear intent to amend and preserve his claims." The State and county contend that he did not properly preserve this issue for appeal. We disagree. Because Hane invoked equity principles in the district court, we find error was preserved. *See* Iowa R. Civ. P. 1.403(2) (requiring petition to state whether it is at law or in equity). But he is not entitled to relief on the merits. Both ordinary and equitable proceedings are governed by the same pleading rules. *See* Iowa Code § 611.13 (discussing uniformity of procedure). Dismissal with prejudice was proper even considering equitable principles.

**AFFIRMED.**